## UNION TRACTION COMPANY OF INDIANA *v*. RAY.

### [No. 12,608.   Filed March 9, 1927.]

1. TRIAL.—*Instruction erroneous because not supported by evidence.*—In an action for damages to a truck, resulting from a collision with a traction car at a crossing, which the undisputed evidence showed was a private farm crossing, the giving of an instruction that it was a question for the jury whether the crossing was a public or private way was error.   p. 657.

2. TRIAL.—*Instruction submitting to the jury whether motorman should have given signals on approaching crossing held error.*—In an action against a traction company for damages to a truck by a collision at what was alleged to be a "highway crossing," but which the evidence showed to be a private farm crossing, the giving of an instruction submitting to the jury whether it was the duty of the motorman to give the statutory signals required on approaching a public highway crossing was error because not within the issues and not supported by the evidence.   p. 657.

3. RAILROADS.—*That private crossing was open to the public held insufficient to make crossing public highway requiring signals.*—The fact that a farm crossing of an interurban traction line was open to the public did not make such crossing a public highway so as to require the giving of the statutory signals on approaching such crossing, and it was error to give an instruction to that effect.   p. 657.

From Delaware Circuit Court; *Clarence W. Dearth*, Judge.

Action by Hosea A. Ray against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*J. A. VanOsdol* and *Warner & Warner*, for appellant.

*Claud Ball* and *McGriff, Schwartz & Bechdolt*, for appellee.

ENLOE, J.—This action was brought by the appellee to recover damages alleged to have been sustained to a motor truck, property of the appellee, by reason of the same being struck by one of the traction cars of appellant.

It appears from the record that at a point about three miles east of the city of Muncie, the right of way of appellant company lies, for some distance, immediately to the south of a public highway known as the Selma pike; that there is no fence or other barrier along and between said highway and said right of way; that at the time of the injury to said truck, said highway was being improved by having crushed limestone placed thereon, and that said truck, in charge of a servant of appellee, was being used to haul such limestone onto said highway; that the width of said highway at that point was such that said truck could not be readily turned around in said highway; that in close proximity to the point in said highway where said stone was being unloaded and placed upon said highway, there was an unplanked crossing of the track of appellant with a graded approach thereto; that the said driver of said truck, at the time in question, for the purpose of turning said truck around, when he came to said crossing, turned said truck onto the same with the intention of backing said truck out onto the said highway and thereby accomplish the turning of said truck; that he drove said truck up and onto said crossing until the front wheels thereof had crossed the north rail of said track; that in attempting to "reverse," he "killed his engine," and that before the same could be started and said truck backed off said track, it was struck by an interurban passenger car of appellant, approaching from the west.

The complaint alleged that said crossing was a "highway crossing" and this complaint was answered by a general denial. A trial upon the issues thus formed

resulted in a verdict for the appellee, upon which, after overruling a motion for a new trial, judgment was rendered. The sufficiency of the complaint is not presented on this appeal, the only error assigned being the overruling of the motion for a new trial, under which is presented the sufficiency of the evidence and the action of the court in giving certain designated instructions.

Among the instructions given, of which complaint is made, was the following: "The court instructs you that the question as to whether this crossing was a public or private highway is for the jury. If it was a private crossing the defendant company did not have to sound a warning, but if a public crossing or a crossing for a highway or thoroughfare, then the defendant was bound to sound a warning of their approach."

Upon the trial, the evidence, without dispute, disclosed that the crossing in question was a private farm crossing; that almost immediately south of the railroad track was a farm gate, and that the way in question was simply a private driveway leading from said public highway south, across the tracks of appellant and into a barn lot there situate. Also, the failure to give the statutory signals, required to be given upon the approach of a car to a highway crossing, was not charged as an act of negligence in the said complaint. The said instruction submitted to the jury not only a matter upon which there was no evidence, but also a matter—the giving of statutory signals—which was without any issue in the case.

By instruction No. 2, given at the request of the appellee, the jury was told that it was the duty of the motorman in charge of any electric interurban car, when the car was approaching any public highway, to sound a whistle or gong, if the car was not equipped with a whistle, at a distance of not less than eighty nor more than 100 rods from such crossing, and that the failure

to give such signal was negligence on the part of the company. Instructions numbered 3 and 5, given at the request of the appellee, also left it to the jury to say whether the crossing in question was a public highway, and by instruction No. 4, given at the request of the appellee, the jury was told that if this crossing *was and had been open to the public as a way of ingress to said farm, and that appellant knew that fact, then said crossing was a public highway within the meaning of the law.*

Each of the last above mentioned instructions was erroneous as being outside the issues, and unsupported by any evidence, and said instruction No. 4 was

1-3.  also erroneous as not correctly stating the facts necessary to constitute said way a public highway; its inaccuracy in this regard is so palpable as to need no comment. Upon the undisputed facts in this case, the jury should have been told that the way in question was not a public highway.

For the errors noted, this cause is reversed, with instructions to grant a new trial.

Dausman, J., absent.